## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAMES WHITE

                     Plaintiff,

v.

BEAM BAR INC  and DOES 1 through
10 inclusive,

                     Defendant.

Case No. 1:25-cv-5847
_____

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff, James White alleges as follows:

### JURISDICTION AND VENUE

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

2.  This Court has subject matter jurisdiction over Plaintiff's claims for Copyright infringement pursuant to 28 U.S.C. § 1331(federal question) and 28. U.S.C. § 1338(a) (copyrights).

3.  This court has personal jurisdiction over Defendant because Defendant's actions alleged herein occurred in the state of New York, Defendant caused injury to Plaintiff within the state of New York, Defendant has a physical presence in the state of New York, and Defendant conducts business in the state of New York.

4.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial part of

the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff James White ("White" or "Plaintiff") is an individual and professional photographer.

6. Defendant Beam Bar Inc ("Beam" or "Defendant") is a Delaware Corporation whose principal place of business is in New York at 267 Bleeker Street, New York, NY, 10014.

7. Beam has one or more offices and employees in New York and has conducted regular and substantial business throughout New York including in this judicial district, and has transacted business with many individuals or businesses residing throughout New York including in this judicial district.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend

the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

9.  For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff James White*

10. James White is a highly successful and popular high-end celebrity photographer.

11. White has photographed actresses, musicians, and other major celebrities such as Kate Beckinsale, Scarlett Johansson, Sofia Vergara; Lil Nas X; and Jimmy Fallon.

12. White has also shot major movie and television posters for the Twilight Saga; Dallas; Hot Pursuit; Sex and the City 2; and Keeping Up With the Kardashians.

13. White's work has been featured on the covers of the following magazines; *Variety; Elle; Cosmopolitan; Entertainment Weekly; Harper's Bazaar; Marie Clare;* and *Esquire* to name a few.

14. White's photographs have been featured in advertisements for major brands such as Tiffany&Co; Neutrogena; Piaget; and Sephora.

15. White is the sole creator and exclusive rights holder to a close-up photograph of actress Angelina Jolie (the "Jolie Photograph").

16. Attached hereto as Exhibit A is a true and correct copy of the Jolie Photograph.

17. White has registered the Jolie Photograph with the United States Copyright Office under registration VA 2-256-805 with an effective registration date of June 17, 2021.

18. Attached hereto as Exhibit B is a true and correct copy of Registration VA 2-256-805.

### *Defendant Beam Bar LLC*

19. According to Defendant Beam Bar's website ("Defendant's Website"), Defendant Beam is a dental related company that specifically offers teeth whitening services. *See* https://www.thebeambar.com/about-1.

20. Defendant offers hour long teeth whitening services starting at $179 and going up to $199 per session. *See* https://www.thebeambar.com/book-online.

21. Upon information and belief, Defendant Beam is and was at all relevant times the manager, operator, and owner of the @thebeambar Instagram page https://www.instagram.com/thebeambar/ ("Defendant's Instagram").

22. On information and belief, Defendant's Instagram generates content that promotes its products, services, and to attract user traffic to the Defendant's business

page and generate business for the company.

23. Specifically, in the biography section of Defendant's Instagram, Defendant provides a direct link to Defendant's Website where users can book Defendant's services.

24.  At all relevant times, Defendant's Instagram were readily accessible to the general public throughout New York, the United States, and the world.

### *Defendant Beam's Infringing Conduct*

25. On or about January 7, 2025, White discovered his Jolie Photograph published to and displayed on Defendant's Instagram in a post captioned: "shhh, no one tell her the brush should be the other way around... #beambae" ("Infringing Post").

26. Defendant also incorporated their business' watermark directly into the Jolie Photograph as used in the Infringing Post.

27. A true and correct copy of the Infringing Post featuring White's Jolie Photograph on Defendant's Instagram are attached as Exhibit C.

28. White, through counsel, reached out to Beam in an attempt to resolve this matter without court intervention, but Beam did not respond to any of White's contact attempts.

29. Specifically, between January 2025 and March 2025, Plaintiff's law firm attempted to contact Defendant via phone, email, and traditional mail, but they never

received a response from Defendant.

30. White is informed and believes that the purpose of the use of the Jolie Photograph on Defendant's Instagram in the Infringing Post was to promote and encourage the use of Defendant's products and services by providing high-quality, professionally-produced celebrity photograph to assist the viewer in visualizing the results that could be achieved through use of Defendant's services.

31. White has never at any point given Beam a license or other permission to copy, display, distribute or otherwise use the Jolie Photograph in the Infringing Post on Defendant's Instagram or on any other website or platform.

32. White (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Jolie Photograph to Defendant's Instagram without White's consent.

33. On information and belief, Defendant's use of the Jolie Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Jolie Photograph and, specifically, upon notification of the infringing use of the Jolie Photograph failed to remove the Jolie Photograph from Defendant's Instagram.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs of this

6
**COMPLAINT**

Complaint as though fully stated herein.

35.  White owns a valid copyright in the Jolie Photograph.

36. White registered the Jolie Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37.Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Jolie Photograph.

38.  Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon the copyrighted Jolie Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Jolie Photograph without Plaintiff's consent or authority, by using it in the Infringing Post on Defendant's Instagram and by failing to remove the Jolie Photograph from Defendant's Instagram upon notification of their infringing conduct.

39.  As a result of Defendant(s)' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

40.  As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

41.  Plaintiff is also entitled to injunctive relief to prevent or restrain infringement

of her copyright pursuant to 17 U.S.C. § 502.


## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a)  For a finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying it for commercial purposes without a license or consent;

b)  For an award of actual damages and disgorgement of all of Defendant(s)' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant(s) pursuant to 17 U.S.C. § 504(c), whichever is larger;

c)  For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's copyrighted works;

d)  For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e)  For pre- and post-judgment interests as permitted by law; and

f)  For any other relief the Court deems just and proper.

DATED: July 16, 2025                    Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

**COMPLAINT**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff James White hereby demands a trial by jury in the above matter.

DATED: July 16, 2025                    Respectfully submitted,

**<u>s/ Taryn Rose Murray</u>**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*